**Alfred R. OVERTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–78–586.**

Court of Criminal Appeals of Oklahoma.

Oct. 4, 1979.

Rehearing Denied Oct. 24, 1979.

Donald W. Davis, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Alfred R. Overton, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRM–78–1334, for the offense of Negligent Homicide, in violation of 47 O.S.1971, § 11–903. His punishment was fixed at six (6) months in the county jail, and from said judgment and sentence an appeal has been perfected to this Court.

The evidence of the State established that on the morning of April 21, 1978, a car driven by the defendant was involved in an accident at the intersection of 63rd Street and Northwest Highway in Oklahoma City. John Kilbourne testified that he was in the left turn lane behind the car driven by the decedent. The light changed and the decedent's vehicle proceeded to make a left turn. Defendant's vehicle entered the intersection from the opposite side at a high rate of speed, and struck the decedent's vehicle broadside.

Officer Don Dunsmore testified that he investigated the accident on the morning in question. He found 51 feet of skid marks

laid down by the defendant's vehicle prior to striking the decedent. He [Officer Don Dunsmore] was unable to determine defendant's exact speed at impact, but estimated, based on the skid marks, that it was traveling in excess of forty miles per hour. An open container of gin was found in defendant's vehicle. The officer observed defendant at Baptist Hospital and observed that he smelled strongly of alcohol. He further testified that in his opinion defendant was under the influence of alcohol.

Dr. Richard H. Crook testified that he pronounced Barbara Flanagan dead on arrival at the hospital. He examined the defendant in the emergency room and detected a strong odor of alcohol about his person. Dr. Fred B. Jordon, Associate Chief Medical Examiner testified that the cause of death of the decedent was chest trauma.

Defendant testified that on the morning in question he was traveling east on Northwest Highway returning from a visit with his grandmother in Watonga, Oklahoma. He was driving at 55 miles per hour as he approached the intersection which had a green light. A car started out in front of him and he applied his brakes; he did not remember anything thereafter until he awoke in the hospital. He denied being intoxicated or having consumed any alcoholic beverage on the morning in question and testified that the open bottle had been left in his car by his wife the previous weekend.

■ Defendant asserts in the first assignment of error that he was denied due process in allowing the State to present testimony inferring that he had committed the offense of driving under the influence of intoxicating liquor at the time of the accident, although this allegation was not made in the information. We are of the opinion that this assignment of error is wholly without merit. The information alleges in part as follows:

" . . . and in reckless disregard of the safety of others, and in reckless disregard of traffic signal . . . " [O.R. 1].

The evidence of defendant's intoxication was clearly relevant as to defendant's "reckless disregard" of the safety of others. The term has been defined by this Court in *Lester v. State*, Okl.Cr., 562 P.2d 1163 (1977) as:

" . . . the omission to do something which a reasonable and prudent person would do, or the want of the usual and ordinary care and caution in the performance of an act usually and ordinarily exercised by persons under similar circumstances and conditions."

Driving under the influence could not in any manner be deemed the actions of an ordinary prudent person.

■ Defendant next contends that the trial court erred in overruling his request to examine the notes of the medical examiner which were referred to from time to time during his testimony. The record does not support defendant's contention that the witness referred to that part of the report of which defendant sought access. To the contrary, the witness testified as follows:

"MR. DAVIS: You have been referring to it, Doctor.

"THE WITNESS: No sir, I have not. I just told you that an EKG was done at 5:30. It showed a functional pacemaker and has my initials.

"Q. (By Mr. Davis) Have you been referring to your report since you have been sitting here?

"A. Not that particular part—piece of paper.

"Q. Have you been referring to any part of it since you have been sitting here?

"A. Yes, the part that was admitted into State's evidence." [Tr. 75].

■ Defendant urges in his final assignment of error that the trial court erred by refusing to give his requested written jury instructions as to comparative negligence and as to proximate cause. We would first observe that, in our view, comparative negligence, like contributory negligence, see *Williams v. State*, Okl.Cr., 554 P.2d 842 (1976), is not a defense to a criminal charge. Furthermore, there is no evidence in the

record of behavior by the deceased which could rise to the level of a superseding cause so as to justify a *Williams* type instruction in addition to the general proximate cause instruction given in this case.

Defendant also contends that the trial court's instruction No. 5, wherein the phrase "proximate cause" was defined, falls short of the standard set out in *Lester v. State*, Okl.Cr., 562 P.2d 1163 (1977), and quoted by defendant as follows:

"When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of negligent homicide." [App. Brief 10; 562 P.2d at 1167].

However, we note that instruction No. 4(a) [1] submitted in the case at bar is identical to the *Lester* instruction set out by defendant. Therefore, this assignment of error is without merit.

For the above reasons, we are of the opinion that the judgment and sentence should be and the same is accordingly *AFFIRMED.*

CORNISH, P. J., concurs.

BRETT, J., dissents.

BRETT, Judge, dissenting.

I respectfully dissent to this decision. The State relies on the contention that the defendant was intoxicated, because the doctor and the officer testified that they thought the defendant was under the influence of intoxicants. Their testimony related that they "smelled" an alcoholic substance on the defendant. But, the defendant related that the nurse gave him something with which to wash his mouth free of blood, prior to the doctor and the officer's arrival. It is interesting to note that neither the officer nor the doctor suggested a blood test for alcoholic contents. Nor did the officer consider the situation of suffi-cient significance to read to the defendant his alcoholic test rights. In addition, the investigating officer testified that his analysis of the physical facts revealed that the defendant was travelling at about thirty-five or forty miles per hour, when he entered the intersection. Also, no person was able to testify whether or not the light had changed to reflect that the defendant entered on a red light. The defendant testified that the light was green when he saw it. He explained the presence of the bottle of gin in the console of the Grand Prix automobile, as being left there by his wife.

Certainly it is unfortunate when a death is caused by an automobile accident. But nonetheless, considerable risk is involved in the handling of an automobile, especially on the highway when the speed is considerable. As I view the facts in this case, there was no showing that this defendant was guilty of negligent homicide. Certainly had the defendant been intoxicated that testimony would be relevant, but the authorities failed to prove that fact beyond a reasonable doubt.

Even accepting the definition set forth in *Lester v. State*, Okl.Cr., 562 P.2d 1163 (1977), to which I dissented, there was no showing that the defendant did not do what a reasonable and prudent person would have done. The investigation officer testified that the defendant laid down on the road 51 feet of skid marks. This indicated that the defendant attempted to stop his vehicle when he saw the deceased's car enter the intersection. The driver following the deceased's car was unable to state whether or not the turn arrow had changed to give the deceased's automobile the right of way. Hence, as I view the facts of this case this conviction is premised upon considerable conjecture. The proof ordinarily required to establish the facts relied upon are missing. Therefore, I feel compelled to dissent to this decision.

1. Instruction No. 4(a), O.R. 13:

"The Statutes of the State of Oklahoma provide as follows: (a) when the death of any person ensues within one year as a proxi-mate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of negligent homicide."